IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PMI NEBRASKA, LLC,<br><br>        Plaintiff and<br>        counterclaim<br>        defendant,<br><br>and<br><br>COLIN MCCLURE,<br><br>        Counterclaim<br>        defendant,<br><br>vs.<br><br>DAVID NORDHUES, et al.,<br><br>        Defendants and<br>        counterclaimants. | 4:18-CV-3126<br><br><br>MEMORANDUM AND ORDER |

The plaintiff, PMI Nebraska, moves the Court to strike the counterclaims asserted by the defendants to the extent that the counterclaims name non-plaintiff Colin McClure as a counterclaim defendant. Filing 29. That motion will be denied.

PMI Nebraska's primary claims are that defendants David Nordhues and Chris Golick, former employees of PMI Nebraska, breached their duties to PMI Nebraska by forming a competing business before leaving their employment, and that they are now competing with PMI Nebraska using trade secrets they took from PMI Nebraska. *See* filing 1-1. The defendants counterclaim for defamation and tortious interference with business expectancies, based on their allegation that the charges leveled against them by PMI Nebraska and its president, Colin McClure, are false. Filing 20 at 7-9.

The issue is that McClure is named as a defendant to the counterclaim, despite not being a plaintiff in the first instance. PMI Nebraska points to Fed. R. Civ. P. 13, which provides that a counterclaim must or may be brought against an "opposing party." So, PMI Nebraska argues, because McClure is not already a plaintiff, he is not an "opposing party" against whom a counterclaim may be asserted. *See* filing 30 at 4.

But as the defendants point out, Rule 13(h)—captioned, "Joining Additional Parties"—provides that "[Fed. R. Civ. P.] 19 and [Fed. R. Civ. P.] 20 govern the addition of a person as a party to a counterclaim or crossclaim." The defendants rely on Rule 20. *See* filing 31 at 3.[1] Rule 20(a)(2) provides that

> [p]ersons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Taken together, Rule 13(h) and Rule 20 make it clear that if a counterclaim is properly asserted, then any person whose joinder in the original action would have been possible under Rule 20 may be added as a party to the counterclaim. *See* 6 Charles Alan Wright & Arthur R. Miller *et al.*, *Federal Practice and Procedure* § 1434 (3d ed. 2010 & Supp. 2019); *see Pace v. Timmermann's Ranch & Saddle Shop Inc.*, 795 F.3d 748, 755 n.9 (7th Cir.

---

[1] Rule 19 governs required joinder of parties, and the defendants agree that Rule 19 does not apply here. *See* filing 31 at 3.

2015). So, an additional person may be joined in order to adjudicate a counterclaim that is already before the Court or one that is being asserted at the same time the addition of a nonparty is sought, so long as the counterclaim involves at least one existing party. *See* Wright & Miller, *supra,* § 1435.[2] That rule is satisfied here: the counterclaims are asserted against one existing "opposing party" and one new party. That's all that's required.

PMI Nebraska's reply brief, apparently recognizing those principles, takes a different tack: PMI Nebraska points out that its liability is presumably based on vicarious liability for McClure's conduct as its president. *See* filing 20 at 7-8. So, PMI Nebraska says that if McClure acted in his individual capacity, then PMI Nebraska itself isn't a proper defendant—which would mean that the counterclaims are impermissibly brought only against a nonparty, not an existing party. Filing 34 at 5.

But one problem with that argument is that McClure might also have been acting within the scope of his employment—which would permit both McClure and PMI Nebraska to be liable. *See Kocsis v. Harrison,* 543 N.W.2d 164, 169 (Neb. 1996). Even that isn't required, though: Rule 20 permits defendants to be joined when "any right to relief is asserted against them jointly, severally, *or in the alternative*." And in any event, the Court isn't persuaded that it's necessary to burrow down into factfinding about the scope of McClure's employment in order to answer a joinder question. The counterclaims are on their face brought against an existing party and a new party. That's enough for purposes of Rule 13(h) and Rule 20.

---

[2] The Court does not believe leave of court is required before joining a previous nonparty as a counterclaim defendant. *See Northfield Ins. Co. v. Bender Shipbuilding & Repair Co.,* 122 F.R.D. 30, 31-33 (S.D. Ala. 1988).

The purpose of Rule 20 "is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974). PMI Nebraska's insistence that the defendants instead "bring a new lawsuit against Colin McClure in his individual capacity," filing 34 at 7, runs directly counter to that purpose—and more importantly, counter to the rules themselves. Accordingly,

IT IS ORDERED that PMI Nebraska's motion to strike (filing 29) is denied.

Dated this 6th day of August, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge