# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PMI NEBRASKA, LLC,<br><br>                Plaintiff,<br><br>   vs.<br><br>DAVID NORDHUES, an Individual; CHRIS GOLICK, an Individual; and PRECISION AG CONSTRUCTION, LLC, a Nebraska Limited Liability Company;<br><br>                Defendants. | **4:18CV3126**<br><br>**SECOND AMENDED FINAL PROGRESSION ORDER** |

THIS MATTER is before the Court on the parties' Joint Motion to Extend Deadlines. (Filing No. 67.) The motion is granted. Accordingly,

IT IS ORDERED that the provisions of the Court's earlier final progression orders remain in effect, and in addition to those provisions, the following shall apply:

1) The pretrial conference and trial will not be set at this time. The telephonic conferences presently scheduled for October 19, 2020 and December 15, 2020 **are canceled.**

    A status conference to discuss the status of **case progression, the parties' interest in settlement and trial and pretrial conference setting** will be held with the undersigned magistrate judge on **January 21, 2021** at **10:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 68.)

2) The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is **September 23, 2020**. Motions to compel discovery under Rules 33, 34, and 36 must be filed by **October 7, 2020**

    **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

3) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

        For the Plaintiff/Counterclaim Defendants: **July 13, 2020**
        For the Defendants/Counterclaim Plaintiffs: **August 13, 2020**
        Rebuttal: **September 10, 2020**

4)     The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

> For the Plaintiff/Counterclaim Defendants: **August 13, 2020**
> For the Defendants/Counterclaim Plaintiffs: **October 12, 2020**
> Plaintiff/Counterclaim Defendants rebuttal: **December 14, 2020**

5)     The deposition deadline is **January 11, 2021**.

    a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 10.

    b. Depositions will be limited by Rule 30(d)(1).

6)     The deadline for filing motions to dismiss and motions for summary judgment is **March 8, 2021**.

7)     The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **January 11, 2021**.

8)     Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

9)     The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

10)     All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 30th day of April, 2020.

> BY THE COURT:
>
> s/ Susan M. Bazis
> United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.