IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PMI NEBRASKA, LLC | ) | Case No.: 4:18-CV-3126 |
| | ) | |
|   Plaintiff / Counterclaim Defendant, | ) ) | |
| | ) | |
| vs. | ) | AMENDED |
| | ) | PROTECTIVE ORDER |
| DAVID NORDHUES, an individual, CHRIS GOLICK, an individual, and PRECISION AG CONSTRUCTION, LLC, a Nebraska Limited Liability Company, | ) ) ) ) ) | |
| | ) | |
|   Defendants / Counterclaim Plaintiffs, | ) ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| COLIN MCCLURE, an individual, | ) | |
| | ) | |
|   Counterclaim Defendant. | ) | |

  THIS MATTER is before the Court on the parties Joint Motion and Stipulation for an Amended Protective Order. ([Filing No. 71](#).) The Court finds that the discovery and evidence in this case will include information the parties consider to be confidential, proprietary, and trade secrets. Accordingly, the Court finds that this Amended Protective Order should be and hereby is granted as follows:

## FACTS

  Defendants David Nordhues and Chris Golick are former employees of the Plaintiff PMI Nebraska. Defendants left the employment of the Plaintiff in May 2018. Mr. Golick and Mr. Nordhues formed Precision Ag Construction, LLC which is a competitor of the Plaintiff PMI Nebraska.

  The parties anticipate that documents will be requested and produced in the course of this case which are confidential, proprietary, and may contain trade secrets. The parties agree that the confidential information and documents produced and discussed in this case should be protected as further set forth herein.

**PROTECTIVE ORDER**

IT IS THEREFORE ORDERED that the confidential, proprietary, and trade secret information and documents received and produced by the parties and filed with this Court may be utilized in this case only in accordance with the following terms:

1.  Confidential Information. "Confidential Information" as used herein means confidential, proprietary, and trade secret information as designated by the parties, and other unpublished and confidential information relating to the parties. Such information may include any type or classification of information which is designated as "Confidential Information" by the Producing Party, whether revealed during a hearing, deposition, in a document, in an interrogatory answer, or otherwise. "Document" or "Discovery Material" as used herein refers to any written, graphic, or electronic information, no matter how produced, recorded, stored or reproduced and includes recordings or other electronically stored data, together with the programming instructions and other written material necessary to understand such recordings and data. In designating information as Confidential Information the Producing Party will make such designation only as to that information which that party in good faith believes to be confidential. All documents and every portion thereof designated as "Confidential Information" shall constitute confidential information for the purposes of this Order and shall be used by the Receiving Party only for the preparation for and conduct of proceedings herein and not for any business or other purpose whatsoever.

2.  Manner of Confidential Designation. A Producing Party shall affix a "CONFIDENTIAL" designation to any confidential Discovery Material produced in this action.

    a)  As to documentary information (defined to include paper or electronic documents, but not transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix "CONFIDENTIAL INFORMATION" to each page that contains protected material.

    b)  If only a portion or portions of the information on a document page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (e.g., by using highlighting, underlining, or appropriate markings in the margins).

    c)  If it is not feasible to label confidential Discovery Material as CONFIDENTIAL INFORMATION, the Producing Party shall indicate via cover letter or otherwise at the time of production that the material being produced is CONFIDENTIAL INFORMATION.

Counsel for a Producing Party may further designate confidential Discovery Material as CONFIDENTIAL - ATTORNEYS' EYES ONLY if such counsel concludes in good faith that the material is or contains non-public information that is highly sensitive proprietary information including, but not limited to, trade secrets, privileged information, or nonpublic technical, financial, personal or business information. Discovery Material designated as CONFIDENTIAL - ATTORNEYS' EYES ONLY means any document which bears the legend CONFIDENTIAL - ATTORNEYS' EYES ONLY or, if it is not feasible to label the

Discovery Material, which the Producing Party indicates via cover letter or otherwise at the time of production as CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY.

    3.    Timing of Confidential Designation.

    a)    Except as otherwise stipulated or ordered, or where discovery is made available for inspection before it is formally disclosed, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. A Producing Party has thirty days from the entry of this Order to designated previously provided documents as CONFIDENTIAL INFORMATION and/or CONFIDENTIAL—ATTORNEYS' EYES ONLY.

    b)    If the Producing Party responds to discovery by making Discovery Material available for inspection, the Producing Party need not affix confidential designations until after the Receiving Party has selected the material it wants to receive. During the inspection and before the designation, all material made available for inspection is deemed CONFIDENTIAL INFORMATION. After the Receiving Party has identified the Discovery Material it wants produced, the Producing Party must determine which materials, or portions thereof, qualify for protection under this Order, and designate the materials as CONFIDENTIAL INFORMATION and/or CONFIDENTIAL—ATTORNEYS' EYES ONLY as required under this order.

    4.    Qualified Recipients. For the purposes of this Order, and subject to the provisions of this paragraph, the persons authorized to receive "Confidential Information" (hereinafter "Qualified Recipient") shall include **only:**

    a)    The named parties, employees, members, managers, and in-house legal counsel, of the parties and of JEMR, Inc., which entity is the sole member of PMI Nebraska, LLC;

    b)    Legal counsel representing the parties, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel;

    c)    The Court and court reporters who take and transcribe testimony, as well as necessary law clerks and administrative assistants;

    d)    Consulting or testifying expert witnesses who assist counsel in the preparation of this case;

    e)    Any mediator retained by the parties in an effort to mediate and/or settle the claims made in this action;

    f)    Any assistant, paralegal, stenographic, secretarial or clerical personnel employed by, retained by, or assisting a Qualified Recipient in this case;

g) Any other persons agreed to by the parties in writing, either as to all or any confidential information in this case.

Qualified Recipients of information designated as "CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY":

a) Legal counsel representing the Receiving Party, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel;

b) Consulting or testifying experts for the Receiving Party, defined to include only those experts retained or employed to assist the Receiving Party in preparing for trial or any other proceeding in the above captioned matter and who needs access to the CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY information to provide such assistance, and who are not employed by, or an agent or representative for, the Receiving Party, nor anticipated to become an employee, agent or representative of the Receiving Party in the near future;

c) If necessary to promote alternative dispute resolution, any mediator or arbitrator (and their assistants or staff) retained by the parties who needs access to the CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY information to assist the parties with resolving the claims of this Action;

d) Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony; and

e) The Court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors.

Except as provided herein, Confidential Information and/or CONFIDENTIAL-ATTORNEYS' EYES ONLY produced in this case shall be disclosed by the Receiving Party and by the Court only to Qualified Recipients who shall have read this Amended Protective Order. Provided, however, that nothing herein shall prevent disclosure beyond the terms of this Amended Protective Order if the party claiming confidentiality consents in writing to such disclosure. Requests by a party to disclose Confidential Information which would otherwise be in violation of the terms of this Amended Protective Order shall be made in writing.

5. Dissemination by the Receiving Party. Counsel for the Receiving Party shall:

a) Require Qualified Recipients as defined in Paragraph 4(a), (d), and (e) and who receive information designated as "CONFIDENTIAL" and/or CONFIDENTIAL—ATTORNEYS' EYES ONLY to review and agree to the terms of this Amended Protective Order and execute a copy of the Agreement attached hereto as Exhibit A before receiving confidential Discovery Material.

      b)     Instruct Qualified Recipients who assist with case preparation (e.g. witnesses, consultants, etc.) that disclosure of the information designated as CONFIDENTIAL INFORMATION and/or CONFIDENTIAL—ATTORNEYS' EYES ONLY is prohibited as set forth herein. Maintain a list of any Confidential Information disclosed and to whom, along with the executed copies of the Exhibit A Agreement.

The prohibition on disclosing information designated as CONFIDENTIAL INFORMATION and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY exists and is enforceable by the Court even if the person receiving the information fails or refuses to sign the Exhibit A Agreement.

      6.     Duty as to Designations. Each Producing Party that designates information or items as CONFIDENTIAL INFORMATION and/or CONFIDENTIAL—ATTORNEYS' EYES ONLY must exercise reasonable care to limit any such designation to specific material that qualifies under the appropriate standards, and designate only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Broadly described, indiscriminate, or routinized designations are prohibited.

      7.     Maintenance of Confidentiality. Confidential Information and/or information identified as CONFIDENTIAL—ATTORNEYS' EYES ONLY shall be maintained confidentially by each Qualified Recipient to whom it is disclosed, shall be used only for purposes of this action, and shall not be disclosed to any person who is not a Qualified Recipient. Each party, the Court, each Qualified Recipient, and all counsel representing any party, shall use their best efforts to maintain all produced confidential information in such a manner as to prevent access, including at depositions, hearings, and trial, by individuals who are not Qualified Recipients. Nothing herein prevents disclosure beyond the terms of this Amended Protective Order if the party claiming confidentiality consents in writing to such disclosure.

      8.     Copies. Material designated as Confidential Information and/or CONFIDENTIAL—ATTORNEYS' EYES ONLY shall not be copied or otherwise reproduced by the Receiving Party (except for transmission to Qualified Recipients) without the written permission of the Producing Party, or, in the alternative, by further order of the Court. However, nothing herein shall restrict a Qualified Recipient from making working copies, abstracts, digests, and analyses of confidential information which shall be maintained confidentially as Confidential Information under the terms of this Order.

      9.     Filing Confidential Information. All documents of any nature including, but not limited to, index of evidence, briefs, motions, memoranda, transcripts, and the like, that are filed with the Court for any purpose and that contain confidential information shall be filed in accordance with NEGenR 1.3(a)(1)(B) as appropriate for restricted or sealed documents.

      10.     Depositions. The following procedures shall be followed at all depositions to protect the integrity of all confidential information:

a) Only Qualified Recipients may be present at a deposition in which information designated as Confidential Information and/or CONFIDENTIAL—ATTORNEYS' EYES ONLY is disclosed or discussed.

b) All testimony elicited during a deposition at which information designated as Confidential Information and/or CONFIDENTIAL—ATTORNEYS' EYES ONLY is disclosed or discussed is deemed to be Confidential Information and/or CONFIDENTIAL—ATTORNEYS' EYES ONLY and the deposition transcript shall be designated accordingly.

c) Material designated as Confidential Information and/or CONFIDENTIAL—ATTORNEYS' EYES ONLY may be used at a nonparty deposition only if necessary to the testimony of the witness and after a written request as set forth in this Amended Protective Order, which permission to use shall not be unreasonable withheld;

d) During a deposition, a confidential designation may be made at any time when counsel reasonably believes that testimony regarding confidential information is about to be provided, or alternatively, has been provided. If a party fails to designate deposition testimony as Confidential Information and/or CONFIDENTIAL—ATTORNEYS' EYES ONLY during a deposition, counsel shall nevertheless have ten days following receipt of the deposition transcript to designate the transcript as confidential.

11. Challenges to Confidentiality Designations. A Receiving Party that questions the Producing Party's confidentiality designation will, as an initial step, contact the Producing Party and confer in good faith to resolve the dispute. If the parties are unable to resolve the dispute without court intervention, they shall schedule a conference call with the magistrate judge assigned to the case before engaging in written motion practice. If a written motion and briefing are necessary and the information in dispute must be reviewed by the court to resolve that motion, the confidential information shall be filed under restricted access pursuant to the court's electronic docketing procedures. The party that produced the information designated as CONFIDENTIAL INFORMATION and/or CONFIDENTIAL—ATTORNEYS' EYES ONLY bears the burden of proving it was properly designated. The party challenging a CONFIDENTIAL INFORMATION and/or CONFIDENTIAL—ATTORNEYS' EYES ONLY designation must obtain a Court Order before disseminating the information to an individual or entity that is not a Qualified Recipient.

12. Trial and Court Proceedings. Prior to the trial of this action and hearings in which the parties anticipate Confidential Information will be discussed and/or offered as evidence, the attorneys for the parties shall meet and attempt to agree on an appropriate proposed order to submit to the Court regarding the confidential status, if any, to be afforded documents, testimony or other information disclosed during the course of the trial.

13. Return or Destruction of Documents. Upon final termination of this proceeding, including all appeals, each Qualified Recipient shall at its option destroy or return to the Producing Party all original materials produced and designated as confidential information, and shall destroy, in whatever form stored or reproduced, all other materials including, but not limited to, pleadings, correspondence, memoranda, notes and other work product materials that contain or refer to Confidential Information. This Amended Protective Order shall survive the final termination of this action, and shall be binding on the parties, their legal counsel, and Qualified Recipients at all times in the future.

14. Modification. This Order is entered without prejudice to the right of any party to apply to the Court for any additional protective order, or to relax or rescind any restrictions imposed by this Amended Protective Order when convenience or necessity requires. The existence of this Amended Protective Order shall not be used by any party as a basis for discovery that is not otherwise proper under applicable law and rules of discovery.

15. Additional Parties to Litigation. In the event additional parties join or are joined in this action, they shall not have access to Confidential Information until the newly joined party, by its counsel has executed and, at the request of any party, filed with the Court, its agreement to be fully bound by this Stipulated Order.

16. Sanctions.

a) Any party subject to the obligations of this order who is determined by the Court to have violated its terms may be subject to sanctions imposed by the Court under Rule 37 of the Federal Rules of Civil Procedure and the Court's inherent power.

b) Confidentiality designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily prolong or encumber the case development process or to impose unnecessary expenses and burdens on other parties) expose the Producing Party to sanctions. Upon discovering that information was erroneously designated as CONFIDENTIAL and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY, the Producing Party shall promptly notify all other parties of the improper designation

17. Inadvertent Disclosure of Protected Discovery Material.

a) A Producing Party that inadvertently fails to properly designate discovery material as Confidential Information and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY shall have fourteen days from discovering the oversight to correct that failure. Such failure shall be corrected by providing written notice of the error to every Receiving Party.

b) Any Receiving Party notified that Confidential Information was received without the appropriate confidentiality designation as authorized under this order shall make reasonable efforts to retrieve any such documents distributed to persons who are not Qualified Recipients under this Order, and as to Qualified Recipients, shall

exchange the undesignated or improperly designated documents with documents that include the correct "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY designation.

18. Disclosure of Privileged or Work Product Discovery Material.

    a) The production of attorney-client privileged, or work-product protected electronically stored information ("ESI") or paper documents, whether disclosed inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Amended Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

    b) Any party who discloses documents that are privileged or otherwise immune from discovery shall promptly upon discovery of such disclosure, advise the Receiving Party and request that the documents be returned. The Receiving Party shall return such produced documents or certify their destruction, including all copies, within 14 days of receiving such a written request. The party returning such produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

    c) If the Receiving Party disputes the claim of privilege or the claim the disclosure was inadvertent, the burden is on the Receiving Party to seek a ruling from the Court on the applicability of the privilege before the materials can be used in any way. In the event of a dispute about the applicability of a privilege, the material shall be treated as Confidential Information under the terms of this Amended Protective Order pending the resolution of the dispute.

DATED this 30th day July, 2020.

                                    BY THE COURT:

                                    s/ Susan M. Bazis
                                    United States Magistrate Judge

## NON-DISCLOSURE AGREEMENT

I hereby acknowledge that I have received, read, and understand the terms and conditions of the Stipulation between the parties and Amended Protective Order entered by the Court in the litigation captioned *PMI Nebraska, LLC v. Precision Ag Construction, LLC, et.al*. (the "Litigation"). I understand the terms thereof and consent to be bound by such terms.

Further, by executing this Non-Disclosure Agreement, I hereby consent to the jurisdiction of the United States District Court for the District of Nebraska, for the limited purpose of enforcing the terms of the Amended Protective Order.

I understand that I may come into contact with information and/or documents which constitute trade secrets, proprietary information, confidential commercial information, financial and/or personal information, and/or other Confidential Information in the Litigation.

I agree to maintain the confidentiality of all such information and documents that are designated as "Confidential Information." In furtherance of this agreement, I agree to not share or discuss, disclose, describe, or distribute any such designated information and/or documents I receive with (or to) anyone else beyond the scope of necessary testimony and/or consultation in the instant legal proceedings with the parties and/or their attorneys herein, the presiding judge, and/or the jury as may be allowed by the Court. Further, I agree to return all such designated documents to the party that tendered such designated documents to me at the end of the Litigation including all appeals therefrom, or to destroy such designated documents without retaining any copy or copies for myself or any other person or entity.

I recognize that a breach of this Non-Disclosure Agreement may be punishable as a contempt of court. All civil remedies for breach of this Non-Disclosure Agreement are specifically reserved and are not waived by the disclosure provided for herein.


AGREED BY:

_____
Signature

_____
Printed Name

_____
Title

_____
Company

Exhibit A